IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

PAVINA MANOSINH,                    §
    Petitioner,                    §
                                  §
                                  §
v.                                  §          EP-26-CV-00652-DB
                                  §
WARDEN OF THE ERO EL PASO E.        §
MONTANA, *et al.*,                  §
    Respondents.                   §

**ORDER**

On this day, the Court considered the above captioned case. On March 9, 2026, Petitioner Pavina Manosinh filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 3. Therein, Petitioner seeks release from immigration custody because, among other things, his detention has become impermissibly prolonged and there is no significant likelihood that he will be removed in the reasonably foreseeable future. *Id.* at 6. Petitioner is a citizen of Thailand and has a final order of removal to Thailand from May 1, 1997. ECF No. 11 at 2. Neither Petitioner nor Respondents provide precise dates for when Petitioner was released from custody after his final order of removal. The Court presumes, however, Petitioner has spent the twenty-nine years since his final order under the supervision of immigration authorities. During this time, Petitioner alleges, and Respondents do not dispute, Petitioner spent over 24 months total in immigration custody since 1997. Most recently, on December 11, 2025, Petitioner was taken into ICE custody in order to effectuate his removal.

On March 4, 2026, Respondents were informed of a removal flight to Laos in mid-March for which Petitioner was scheduled, however it would require Petitioner to be moved to Louisiana. ECF No. 11 at 2. Respondents were unable to move Petitioner to Louisiana with enough time to complete staging procedures prior to his removal. *Id.* So, Respondents rescheduled Petitioner on

"a flight in late March for removal to Laos." *Id.* On April 3, 2026, Respondents advised Petitioner was not removed to Laos on March 25, 2026, because Petitioner claimed fear of returning to Laos. ECF No. 16 at 1. As a result, Respondents referred Petitioner's claim to U.S. Citizenship and Immigration Services (USCIS) for an interview. *Id.* On April 14, 2026, Respondents informed the Court that Petitioner established a credible fear of persecution in Laos and was referred to an immigration judge for a withholding hearing. ECF No. 19 at 3. Respondents have not provided any general timeline for when such case will resolve. *Id.* Respondents further advised that because Petitioner may be granted withholding of removal to Laos, Respondents submitted a travel document request to the Thai government, but note there is no timeline for a response on this request. ECF No. 23 at 1. Other than Laos, Respondents have not designated a different third country for removal. *Id.*

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found substantive due process violations. *See Singh v. Taylor*, No. EP-26-CV-00155-DB, 2026 WL 360913 (W.D. Tex. Feb. 9, 2026) (finding detainee sufficiently demonstrated good reason to believe that there was no significant likelihood of his removal to India in the reasonably foreseeable future given (1) officials had nearly 14 months to remove him but have failed to do so; (2) officials did not made clear whether they possess all the necessary travel documents required to remove him to India, including a passport; and (3) despite a stated intention to put him on a plane to India, officials have failed to do so and cannot provide any date by which such a flight might occur). As a threshold matter, the Court finds Petitioner meets the initial burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (citing *Zadvydas v. Davis*,

533 U.S. 678, 699 (2001). Petitioner alleges removal to Thailand is not likely because Respondents have been unable to remove him to Thailand over the last 29 years. ECF No. 3 at 6. This is good reason to believe that absent some material change in Petitioner's circumstances or in United States/Thai relations, removal is not significantly likely.  In response, Respondents provide they have submitted a travel document request on Petitioner's behalf to the Thai government, but there is no timeline for a response on the request. ECF No. 23 at 1. Other than submitting what the Court presumes is a renewed request for removal to Thailand, Respondents offer no other facts to rebut Petitioner's assertion that the circumstances present for the past 29 years have materially changed. As such, the Court finds there is no significant likelihood of removal to Thailand in the reasonably foreseeable future.

As to a third country removal, Respondents have served Petitioner with a notice of removal to Laos. Petitioner avers he "ha[s] a fear of being removed to a country (Laos) that [he] was not born in. [He] has no family ties in Laos. Laos does not consider [him] a citizen or national, [and] if deported, [he] will be subjected to mandatory military confinement and released only if [he] ha[s] a sponsor, an impossibility since [he] has no remaining family or relations in Laos." ECF No. 15 at 1–2. Petitioner raised this claim in his immigration proceedings and has received a positive credible fear determination that entitles him to an immigration judge's review. ECF No. 19 at 7. To date, Respondents do not have an anticipated timeline of when such claims will be adjudicated. Accordingly, Respondents' efforts to remove Petitioner to Laos remain too speculative for the Court to find they create a significant likelihood of removal in the reasonably foreseeable future. Lastly, Respondents have not designated a different third country for removal.

3

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Singh* and this Court's subsequent immigration habeas cases brought by petitioners alleging their immigration detention violates their substantive due process rights, **IT IS HEREBY ORDERED** Petitioner Pavina Manosinh's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 3, is **GRANTED IN PART** on substantive due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than May 4, 2026,** subject to the conditions of supervision he was subject to prior to his most recent re-detention by immigration officials.[1]

**IT IS FURTHER ORDERED** Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** a notice informing the Court of its compliance with the preceding order **no later than May 6, 2026**.

**IT IS FURTHER ORDERED** the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than May 8, 2026.**

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to *pro se* Petitioner at the address on file.

**SIGNED** this **1st** day of **May 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] Pursuant to the instant order, Petitioner shall be released under the conditions of supervision he was on immediately prior to his current detention.